**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Batres, et al., | No. CV 10-1276-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| (1)Homecomings Financial LLC<br>(2)Aurora Loan Services LLC<br>(3)Mortgage Electronic Registrations Systems, Inc.<br>(4) Does. | |
| Defendants. | |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

In this case, the notice of removal fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192; - - - U.S. - - - (2010) (discussing the citizenship of a corporation); *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company).

Accordingly,

/ / /

/ / /

/ / /

**IT IS ORDERED** that by July 30, 2010, the removing Defendant shall file an amended notice of removal properly alleging federal subject matter jurisdiction, or this case will be remanded for lack of federal subject matter jurisdiction.[1]

**IT IS FURTHER ORDERED** that Defendant is cautioned that it will be given one opportunity to amend to cure the jurisdiction defects. The Court will not issue additional sua sponte show cause orders to assist Defendant in pleading jurisdiction.[2] Therefore, if the amended notice of removal fails to plead federal subject matter jurisdiction, this case will be remanded without the Court sua sponte granting Defendant any further opportunities to amend.

DATED this 16th day of July, 2010.

_____
James A. Teilborg
United States District Judge

---

[1] The amended notice of removal must contain all jurisdictional allegations sufficient to plead jurisdiction in one document and should not anticipate that the Court will read any previous filings to assess jurisdiction. *See Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005); *Valdez v. Allstate*, 372 F.3d 1115, 1117 (9th Cir. 2004).

[2] The Court should not give a party advice because giving advice would undermine a district judge's role as an impartial decision maker. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).