1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Juan Batres, et al., | ) | No. CV 10-1276-PHX-JAT |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| (1)Homecomings Financial LLC<br>(2)Aurora Loan Services LLC<br>(3)Mortgage Electronic Registrations Systems, Inc.<br>(4) Does. | ) | |
| Defendants. | ) | |

One July 16, 2010, the Court issued the following order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).
> In this case, the notice of removal fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192; - - - U.S. - - - (2010) (discussing the citizenship of a corporation); *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company).
> Accordingly,
> **IT IS ORDERED** that by July 30, 2010, the removing Defendant shall file an amended notice of removal properly alleging federal subject matter jurisdiction, or this case will be remanded for lack of federal subject matter jurisdiction.[footnote omitted]
> **IT IS FURTHER ORDERED** that Defendant is cautioned that it will be given one opportunity to amend to cure the jurisdiction defects. The Court will not issue additional sua sponte show cause orders to assist Defendant in pleading jurisdiction. [footnote omitted] Therefore, if the amended notice of removal fails to plead federal subject matter jurisdiction, this case will be

remanded without the Court sua sponte granting Defendant any further opportunities to amend.

Doc. 10.

This Court has reviewed the amended notice of removal and notes that with respect to both limited liability companies, the removing Defendant claims that no members of the limited liability companies are residents of Arizona. Nonetheless, as *Belleville Catering* suggests, this Court must "independently" determine whether there is jurisdiction. 350 F.3d at 693. Here, the amended notice of removal fails to list all of the members of the limited liability companies or the citizenship of those members. The jurisdictional information provided by the removing Defendant is, thus, insufficient for the Court to independently determine that jurisdiction exists. Therefore,

IT IS ORDERED that by August 13, 2010, the removing Defendant shall file a supplement to the amended notice of removal listing every member of both limited liability companies and the citizenship of each of those members or this case will be remanded to state court for lack of federal subject matter jurisdiction.

DATED this 10th day of August, 2010.

_____
James A. Teilborg
United States District Judge